JOHN A. BOEHME, PLAINTIFF-RESPONDENT, v. SOPHIE SHAPIRO, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided July 15, 1933.

Before Justices BODINE and DONGES.

For the appellant, *William Newcorn.*

For the respondent, *Solomon Lautman.*

PER CURIAM.

This is an appeal from a judgment of the Monmouth County Court of Common Pleas entered upon the verdict of a jury after a trial before Judge Gallagher. The suit was by a real estate broker to recover commissions in accordance with a written agreement for services in connection with renting a property of defendant in Bradley Beach. Plaintiff recovered and defendant appeals.

The original grounds of appeal attempted to raise questions as to the verdict being contrary to the weight of the evidence, the law and the charge of the court. These were struck out on motion and an amended ground of appeal permitted to be filed raising the sole question of the admission into evidence of a paper (called the white paper) attached to a lease entered into between defendant and the parties whom plaintiff alleged he procured in pursuance of the brokerage agreement.

The lease was for five years from May 1st, 1924, and called for rental beginning at $1,800 for the first year and increasing

thereafter. The white paper provided that if the tenants should desire, the defendant would make additions and alterations to the premises and the rent would be $1,000 per year more than provided in the body of the lease. This white paper was signed by the lessees but not by the lessor, the defendant. There was also attached to the lease a yellow paper, embodying terms of an agreement subsequently entered into between the parties. This was not signed and was not admitted in evidence.

When the lease was offered, counsel for appellant said "I object to the appending papers." No reasons were given. When the court ruled that the lease and white paper would be admitted and the yellow paper excluded, an exception was taken.

The objection now made is that the white paper was not signed by the defendant and was not binding upon her. There was testimony by the lessees, however, that the paper attached to the lease was a part thereof, and embodied terms of the original agreement of letting.

However, it seems clear that the paper, if erroneously admitted, was harmless. The plaintiff's suit was upon an agreement to pay a commission of seven and one-half per cent. of the rents. The uncontradicted testimony is that the defendant made alterations to the premises, other than those provided for in the white paper, and received an annual rental of $4,000 which is a sum greater than that provided for in the white paper.

The judge in his charge told the jury that if they found for the plaintiff, the amount he would be entitled to was $1,235, plus interest. This apparently was the basis of the verdict. The fact that no exceptions were taken to the charge is evidence that no harm was done in the admission of the disputed paper, which could affect only the amount of the judgment and not the question of liability. The issue tried was the question of whether or not plaintiff had procured the lessees. The amount of damage, if plaintiff was entitled to the verdict, was not in controversy, inasmuch as defendant did not except to the court's charge on that point.

The judgment is affirmed, with costs.